# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Jacob Baker and United States ) | |
| American Federal Election ) | |
| Commission, ) | Civil Action No. 6:22-cv-1359-TMC |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| United States District Federal Court, ) | |
| and State Court, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jacob Baker ("Baker"), a non-prisoner proceeding *pro se* and *in forma pauperis*, brings this action on behalf of himself and the United States American Federal Election Commission. (ECF Nos. 1; 3; 8). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court summarily dismiss this action without issuance and service of process. (ECF No. 10). The Report was mailed to Baker on May 3, 2022, (ECF No. 12), and, to date, has not been returned to the court as undeliverable. Baker is, therefore, presumed to have received the Report. Baker was advised of his right to file specific objections to the Report, (ECF No. 10 at 9), but failed to do so.[1] The time for Baker to object to the Report has expired, and this matter is now ripe for review.

---

[1] On May 12, 2022, prior to the deadline for the filing of his objections, Baker filed a 177-page document which he identified as a "motion to show cause." (ECF No. 13). Out of an abundance of caution, the court has thoroughly reviewed this document for any argument that could liberally be construed as an objection to the Report. However, the filing is in large part illegible and, to the extent it is decipherable, it is unintelligible. *See id.* Further, based on what the court can glean, this filing is entirely unrelated to the Report or the findings and recommendations therein. *See id.*

1

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation

for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Having carefully and thoroughly reviewed the Report and Baker's filings, the court agrees with the magistrate judge's findings and conclusions in the Report (ECF No. 10). Thus, the court finds no reason to deviate from the Report's recommended disposition and **ADOPTS** the magistrate judge's Report, *id.*, and incorporates it herein. Accordingly, this action is **DISMISSED** without issuance and service of process.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

May 25, 2022
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] Baker's filing captioned as a motion to show cause (ECF No. 13) is **DENIED as moot**.

3